Good morning, Justices. My name is Terry Thomas, and I represent the Joneses on this, and I would like to reserve three minutes for rebuttal. First of all, the issue of whether or not the Truth in Lending Act is a federal statute is certainly not in dispute. However, this statute has a specific phrase in it wherein it gives courts of competent jurisdiction, any court, the jurisdiction to handle. And that's true of most federal statutes. There has to be a specific exclusion to not have that happen. And most of them, they're all removable, so I think move on. Okay. Well, then there's the low damages part. It's $1,000 per violation, which means that you could even do this, you could even bring a Truth in Lending Act claim in a small claims court. So it's my position that Congress did not intend this to be an exclusive Federal statute. But it doesn't have to be an exclusive Federal statute. You're just wrong about that. You're just flat wrong. Okay. I'll accept that. The other statute that we cited, which was an NRS statute, 649.370, is uses the Federal definition of debt collector. I don't believe that that rises to. It doesn't matter. You only need one claim. You only need one claim. Yes, that's correct. If the Congressional intent is such that it be, it give rise to Federal jurisdiction, then that question is for this Court to decide. And then we have, that's the only issue on jurisdiction, because the other two are There's no diversity because we have a Las Vegas defendant. And that issue is that issue. The second issue is whether or not we had, we were given the right to object to the inadmissible hearsay evidence that was produced that the district court relied upon. And first, there was no motion for, or no formal request for judicial notice. Second of all, I objected as hearsay. In Respondent Suntrust's opposing brief, they point out that we did not come up with other arguments about the correctness or incorrectness of these. That's at page 4. And that would mean that we were shifted into defending inadmissible hearsay. And I think that's incorrect. And without Well, what were the attachments used for? What were they relevant to? What were they relevant to? As far as I don't know, because they were all hearsay and they were all Well, the question, as I understand it, they're okay to be judicially noticed as to their existence and the fact that they were, for example, recorded. But not as to any facts that are in them. So what was it used for? It was used to prove that we could not state a claim for relief. On what basis? I don't know, because Well, you should know, because there was Well, it's not in the opinion. I can give you my opinion. It just shows that according to Judge Jones, there was somewhere a transfer of mortgage debt, and somewhere in that transfer, SunTrust became the owner or the holder of the deed of trust. And therefore, because we did not pay SunTrust, therefore, we must have not the foreclosure must have been with legal standing and proper. And because the documents only are all hearsay and anything with a stamp in the Suppose we were to reverse on this, Grandma. What would happen next? What would happen next? We would go back to Judge Jones and he would redismiss the case. And what? He would redismiss the case. He would say, all right, now it's summary judgment. And now redismiss the case, right? That's correct. And so what difference would it make? It makes a lot of difference, because I think in this case, first of all, I wouldn't bring a Truth in Lending Act statute. I would try to amend it, which I probably won't be allowed to do. And what we have is a situation where Judge Jones may allow us to actually argue the merits, rather than... Were all of these documents attached to your complaint or referred to in your complaint? No. None of them? One of them was. One. But none of the... We did not know of SunTrust's existence, so we couldn't argue it until the... after the foreclosure. Foreclosure documents were recorded. Do you dispute... Well, you mentioned... You make reference to SunTrust in the complaint. Yes, that was... The complaint was filed after SunTrust attempted to foreclose. Do you dispute the accuracy of the documents in any way? Yes. You do? I do. You claim there are forgeries or something? I claim that there is no legal standing. They don't... No, that's not what I asked you. I asked you whether you disputed the accuracy of the documents. Yes. So in what way? In the way that SunTrust did not acquire them through transfer, proper transfer. And they have no copy of the promissory note. This was... Is this a show-me-the-note theory kind of thing? No, it's not show-me-the-note. Remember, this is home lending, home mortgage direct lenders. That's who the money was owed to. How did SunTrust get it? We don't know. In... You can't just walk in and say, you owe us. We got a copy of the original deed of trust from the recorder, and based on that, we want the money or we want to foreclose. That's what's happened in this case. And we don't get an opportunity to argue the facts when a 12B6 motion is set. And the transfer of the mortgage documents, the legal transfer from home direct mortgage lenders to SunTrust is not documented. And without a proper transfer, they have no rights. And that's the argument on the merits that we hope to make if we get the case reversed. And I'm... Did you want to save two minutes for rebuttal? I do. Thank you. Okay. Morning, Your Honors. Alison Schmitt on behalf of Appali SunTrust Mortgage. In responding to some of the issues that I believe the Court is focusing on, I think the Court here has it right. There is Federal jurisdiction here because of the two claims. All right. There is Federal jurisdiction. But why exactly do you get to just attach these documents to your motion to dismiss and have them be preclusive rather than having to file a summary judgment motion? I think that Mr. Thomas's argument kind of confuses judicial notice. The reason we attach these documents to our motions to dismiss is not to prove the contents or the truth of the contents. Well, that's what you're saying. But why isn't he right that one piece of this is that whoever it is who's filing these documents actually has some connection to this property and the ability to file the documents? I mean, you have to be relying on it at least for that. We do rely. The way that we rely on these documents is to say that this is the document as it exists in the official records in this case of Washoe County, Nevada. Right. But why does that prove anything with respect to whether SunTrust has any connection to this property? SunTrust does not have any connection to this property. And I think the appellants admit that in their complaint. They state that there is no record of SunTrust in any of the recorded documents, any of the title documents. I believe that's in paragraph 11 of their complaint. SunTrust is merely a servicer. SunTrust does not have an interest in the property. There's been no foreclosure. The reason that we attach these documents is to say here is the document as it exists. And we are permitted to do that under Rule 201 of the Federal Rules of Evidence. See if you can walk me through what these documents supposedly demonstrated that you couldn't have simply opposed the 12b6 motion without it. Well, the way that they were used in this case in the Court's order is, one, to prove the contents of the notice of default. And as I believe the Court here has noticed, the notice of default is also attached to the complaint. Okay. So to that extent, judicial notice wasn't required for that. And it wasn't to prove the truth of the content, so the truth of the matter asserted in the notice of default, merely the presence of certain information in that notice of default. Also the Court used the date on the assignment of deed of trust in dismissing plaintiffs. That's the content, right? That is the content. Right. It has indicia of reliability because it's contained in the recorder's stamp. The documents are also self-authenticating under Rule 902A or 8, I apologize. And the documents are also subject to hearsay exceptions under 803.14 and 15. They are recorded documents. In other words, he only relied on the recorder's stamp as to when there was a transfer, not anything in the documents that they stated, like who it is that owns the property or is the agent or anything else. That's correct. It was to apply the one-year statute of limitations under TILA. And that is actually the Court giving the appellants the benefit of the doubt. The way that the appellants pled the TILA cause of action in their complaint was to say that the loan was transferred immediately after closing, which was in 2006. Had the Court gone from that date, their statute of limitations would have run in 2007. The courts to esponte looked to the assignment provided in the motion to dismiss to extend that statute of limitations and say there was an assignment in, I believe it was 2000, July of 2010. Therefore, this case under TILA would have needed to be filed by July of 2011. And those were the sole uses of the documents. And I think it's permitted under Rule 201 and under self-authentication and hearsay exceptions. Otherwise, there would be no real purpose. I mean, Mr. Thomas objected to the documents, but there was no substance to the objection. He said, I object to all the documents, every fact on it. Well, let's go back to the assignment of the deed of trust, right? Yes. Because I'm looking at it now. There is a stamp and it says when it was recorded. But that's not any proof without getting into the content of the assignment of deed of trust, of the transfer, right? In other words, you can rely on it for the fact that it was recorded on next date, but can you rely on it for the fact that there was, in fact, an assignment of the deed of trust? I think the Court can. I don't think that in this case the Court needed to in dismissing the plaintiff's complaint, because as I said, the way they pled it was that it was transferred immediately after closing. However, I think that because of the hearsay exceptions and because the document is self-authenticating, that the Court can use it to prove that. And so then you're just off your notion that he wasn't relying on the content, because that is the content. In other words, there's a difference between you can rely on it for the fact that on 7-27-2010, this piece of paper was recorded by the county clerk. You can rely on it for that. Yes. But as to the truth of anything in the piece of paper, including the fact that there was an assignment of the deed of trust, can you rely on it? I think so, because if the Court wasn't going to permit it. So you're flatly contradicting what you stood up here and in your brief said was the purpose of all this. I agree that the content would be needed to prove the, that the assignment happened. There was no pleading in the complaint that the assignment on that date happened. So it wasn't necessary in dismissing that cause of action. And further, if the Court did take. What about the substitution of trustee? Was that relied on substantively? No. And under the Barron v. Reich 13, F-1370, let's assume that the Court did take that into consideration, that it was in fact a valid assignment of the deed of trust and converted the motion to a motion for summary judgment. They've offered no evidence or nothing to contradict that the assignment occurred on that date. Well, that's all true. But on the other hand, we have niceties. You know, a nicety is that it should be a summary judgment if it's a summary judgment. And that's true. And it says that they need not be given an opportunity to supplement the record if the facts that the Court essentially relied upon were contained in material subject to judicial notice. But then we're getting circular. I mean, in the sense that it's, again, you can do the judicial notice for a limited purpose, and this seems to have gone beyond that. If it has, it's not — it wouldn't cause any reversal of the decision if you look at the complaint that later assignment isn't part of what they're pleading. Do you acknowledge the assignment in any event, did they not, in their complaint? They do not. No. They don't acknowledge the assignment? No. They say it was — the loan was assigned immediately after. Well, that's what I meant. I mean, they said it was assigned. Yes. But they said the assignment occurred immediately after closing. Can you rely on that for the purpose of the statute of limitations, just that allegation  I think so. That's what they plead. And that's the facts that we have in front of us, and they don't say in their appeal that there was a later assignment or this is how we would have saved our complaint from dismissal or these are the facts we would have supplemented had we been given an opportunity to amend. When was the origination of the loan? 2006. And so they say it was transferred almost immediately. Yes. So what does that mean? That's hard to say, but I doubt that — since this complaint was filed in 2012, I doubt that it immediately would mean — Five years? Five years. I did want to reserve a minute for Mr. Vance in case the Court had any questions for him. Okay. We've got one minute left. Thank you. I'd actually requested two minutes, but I'll be very, very brief. The Court is clearly focusing on the issue of judicial notice. Your client wasn't served, isn't that right? Correct. And that's my point, is independent of the issue of judicial notice, the Court, even though we filed the motion for judicial notice, focused on substantive issues as well as the procedural issues. That doesn't matter for the purpose of this appeal because our dismissal was granted due to the failure to file a timely opposition under the local rule. And moreover, if he had filed one, you still weren't served. Correct. So those are separate issues independent of the issues that are truly raised on the appeal. Was he ever served, your client? He was eventually served with a State court summons. But doesn't the time to serve start to rerun again once it hits the Court? Not to my knowledge, Your Honor. I thought it did. And regardless of that, regardless of that, the fact is there still was no timely or coherent opposition to our motion. Yes, that's right. And dismissal should stand pursuant to the local rule. All right. Thank you. Your Honor, I just want to clarify what Mr. Vance has stated. For some reason, the removal notice never got to the State court for almost 10 weeks. I filed oppositions in the State court to everything. And the State court was to continue transferring documents. Apparently, they did not. And I did not learn about that until the case was over. Okay. Thank you. Thank you, Counsel. Matters submitted.
judges: Paez, Berzon, Ezra